**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, | ) | |
| Plaintiffs, | ) | Case No. ____________ |
| v. | ) | |
| NATE'S TREE SERVICE, INC., | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND (collectively referred to as "Plaintiffs", "LINECO", or "the Fund"), by and through their attorneys, Asher, Gittler & D'Alba, Ltd., and complain of Defendant NATE'S TREE SERVICE, INC. ("Nate's Tree" or "Defendant") as follows:

**NATURE OF ACTION**

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, to collect delinquent contributions and related sums Defendant is obligated to contribute to the Fund pursuant to applicable collective bargaining agreements and plan documents, and for other relief.

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). 29 U.S.C. § 1132(e)(2) states, in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where one of the plans is administered," and the Fund is maintained and administered within the Northern District of Illinois.

## PARTIES

6. The Fund is a multiemployer employee benefit plans as defined under Section 3 of ERISA, 29 U.S.C. § 1002.

7. The Fund is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended; ERISA, as amended; and other applicable federal laws.

8. The Trustee Plaintiffs are fiduciaries of the Fund within the meaning of 29 U.S.C. § 1132(e)(1).

9. The Fund's offices are located at 821 Parkview Boulevard, Lombard, Illinois, 60148, and the Fund is administered in the Northern District of Illinois.

10. The Fund receives contributions from numerous employers, including Defendant, pursuant to collective bargaining agreements heretofore entered into between said employers and local labor unions affiliated with the International Brotherhood of Electrical Workers ("IBEW"). The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended; ERISA, as amended; and other applicable federal laws, and the Fund is administered pursuant to the terms and provisions of certain Restated Agreement and Declaration of Trust ("Trust Agreement").

11. As provided in the Trust Agreement, the Fund is required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then-applicable collective bargaining agreement for the uses and purposes set forth in the Trust Agreement.

12. Defendant is or was an employer engaged in an industry affecting commerce and maintains or maintained its principal place of business within the Eastern District of California.

13. Defendant is a corporation registered with the California Secretary of State.

**COUNT I – DELINQUENT CONTRIBUTIONS UNDER ERISA**

14. The Fund incorporates paragraphs 1-13 as if fully stated herein.

15. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

16. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

17. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

18. Defendant employs or has employed persons represented for collective bargaining purposes by one or more local labor unions, including but not limited to IBEW Local 1245, and agreed to be bound by the Collective Bargaining Agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

19. Defendant has failed to contribute to the Fund for the hours worked in the months of November 2025, January 2026, and March 2026. The total amount of contribution payments owed to the Fund is $521,466.00.

20. Additionally, pursuant to the Fund's Trust Agreement and Collections Policy, Defendant owes liquidated damages and interest to the Fund, related to the unpaid contributions described in paragraph 19 and to late-paid contributions for the months of September and October 2025 and April and August of 2026. Accordingly, Defendant owes liquidated damages in the amount of $250,425.56 and interest in the amount of $79,149.94 to the Fund. The interest on these amounts continues to accrue.

21. The total amount currently owed by Defendant to the Fund for the work months of September, 2025 through August, 2026, is $851,041.50.

22. As result of the above-described omissions and breaches of agreement by Defendant, the Fund may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to

employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of the Fund and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

23. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

24. The Fund is without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

25. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. The Fund, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

(a) That judgment be entered in favor of the Fund and against Defendant in the amount of EIGHT HUNDRED FIFTY ONE THOUSAND, FORTY ONE and 50/100 DOLLARS ($851,041.50), and such additional monies that accrue during the pendency of this lawsuit;

(b) That the Fund be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement, the Trust Agreement, and the applicable provisions of ERISA, as amended;

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement, the Trust Agreement, and the applicable provisions of ERISA, as amended;

(d) That Defendant be specifically ordered to furnish to the Fund the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according to the terms and conditions of the Collective Bargaining Agreement, the Trust Agreement, and the applicable provisions of ERISA, as amended; and

(e) For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By: */s/ Catherine Humphrey*
One of Plaintiffs' Attorneys

Catherine Humphrey
Naomi Frisch
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
ckh@ulaw.com
naomi@ulaw.com
IL ARDC#: 6345610
IL ARDC#: 6328429